"This case comes before the court on defendant’s motion to dismiss plaintiffs petition pursuant to Rules 102(b)(2) and 114(b)(5) and to enter a default judgment on defendant’s counterclaim pursuant to Rule 114(b)(5).
"Plaintiff filed his petition in this court on June 16,1972, making numerous breach of contract claims and requesting damages. Defendant filed an answer and counterclaim for damages pursuant to the False Claims Act, 31 U.S.C. §§ 231-35 (1970). In connection with 14 of the contracts listed in defendant’s First Amended Counterclaim, this court granted defendant’s motion for partial summary judgment and remanded to the trial division the remaining portions *732 of plaintiffs petition and defendant’s counterclaim which had not been disposed of by the court’s opinion.[1]
"In an order filed March 9, 1976, the trial judge directed the plaintiff to respond to defendant’s counterclaim by April 1, 1976, and to amend his pretrial submission by April 30, 1976. Plaintiff failed to comply with the terms of the pretrial order. In light of plaintiffs failure to comply, by letter to the parties dated May 6, 1976, the trial judge requested that he be informed what the parties intended to do with the case. Plaintiff did not respond to the trial judge’s inquiry and made no effort either to request additional time from the court to comply with the pretrial order or to demonstrate otherwise that he desired to pursue the remaining portions of his cause of action.. In fact, by letter to defendant’s counsel dated April 30, 1976, plaintiff stated that he was without resources to pursue this action.
"On February 2, 1977, defendant moved the court to enter judgment dismissing the remaining portions of plaintiffs petition and allowing defendant’s counterclaim.
"In his opposition to defendant’s motion of February 2, 1977, plaintiff fails to indicate that he intends to pursue his cause of action either by complying with the pretrial order or otherwise. Since plaintiff has failed to prosecute his action for a period over one year, pursuant to Rule 102(b)(2) this court grants defendant’s motion to dismiss plaintiffs petition.
"With relation to defendant’s motion for default judgment, we do not presently believe that a sufficient basis exists for the granting of defendant’s counterclaim. Therefore, we remand the case to the trial division to allow defendant , to proceed to trial on its counterclaim. Therefore,
"it is ordered that defendant’s motion to dismiss plaintiffs petition be and is hereby granted, that entry of final judgment dismissing plaintiffs petition for failure to prosecute will be deferred, pursuant to Rule 102(d), pending final disposition of the counterclaim remanded for *733 trial, and that the case is remanded to the trial division for trial on defendant’s counterclaim only.”
Mark D. Whitlow, attorney of record, for plaintiff.
Howard G. Slavit, with whom was Assistant Attorney General Barbara Allen Babcock, for defendant.
November 25, 1977
Before Davis, Judge, Presiding, Kashiwa and Kunzig, Judges.
"This case is before the court on three plaintiff motions requesting rehearing of this court’s May 13, 1977, order dismissing plaintiffs petition, appointment of a special master to receive evidence, and termination of the stay of proceedings in this court involving defendant’s counterclaim. After consideration of the briefs and without oral argument, we deny plaintiffs motions for appointment of a special master to receive evidence and for termination of the stay order. We suspend proceedings on plaintiffs request for rehearing pending the outcome of the federal district court suit in the State of Washington.
"The chronology of this case is lengthy. The petition was filed in 1972. The defendant filed an answer and counterclaimed under the False Claims Act. 31 U.S.C. §§ 231-235 (1970). During the next three years the plaintiff, due to alleged financial difficulties and illness, was unable to pay the legal expenses incident to the prosecution of his petition. His original attorney withdrew as attorney of record during February 1976. Plaintiff was without an attorney of record from that point until September 1977. On March 9, 1976, the trial judge ordered plaintiff to respond to the defendant’s counterclaim by April 1, 1976, and to amend his pretrial submission by April 30, 1976. Plaintiff failed to respond. On May 6, 1976, the trial judge wrote a letter to both parties requesting that they inform him of what they intended to do with the case. Again, plaintiff made no reply to the trial judge. Plaintiff did write a letter to defendant’s counsel dated April 30, 1976, in which he stated that he was without resources to pursue the action. The case languished at this juncture until May *734 7, 1977, when defendant moved to dismiss the claims of plaintiffs petition which had not previously been disposed of by this court in Brown v. United States, 207 Ct. Cl. 768, 524 F.2d 693 (1975). The basis for defendant’s motion was failure to prosecute. On May 13, 1977, this court granted the motion to dismiss but deferred entry of final judgment, pursuant to Rule 102(d), pending final disposition of defendant’s counterclaim. Defendant next moved to suspend proceedings on its counterclaim against plaintiff pending the conclusion of a federal district court case in the State of Washington involving the same parties and issues. United States v. Brown, Civ. No. 146-73C2. The trial judge granted the stay on July 7, 1977.
"It is unclear why plaintiff requests the stay of proceedings to be vacated at this time. Plaintiff admits in the moving papers that the issues involved in the federal district court suit are the same as the ones involved in the defendant’s counterclaim in this court. The federal district court has proceeded to trial on the case and should render a judgment by January 1978. One of the reasons the federal district court proceeded to trial was the stay order entered by the trial judge of this court. The judgment of the federal district court would appear to be res judicata as to the counterclaim pending in this court. So it would seem, and we so hold, that judicial economy and comity dictate that the stay of proceedings on defendant’s counterclaims be continued pending the conclusion of the federal district court case.
"For the same reasons, we see no validity in plaintiffs motion for appointment of a special master to receive evidence on defendant’s counterclaim pending in this court.
"Plaintiffs motion for rehearing in regard to the May 13, 1977, dismissal order of this court is premature at this point. If defendant is successful in its federal district court case against plaintiff and four others, that may be a complete affirmative defense against any claim plaintiff would have. 28 U.S.C. § 2514 (1970). Again, judicial economy dictates that this court stay proceedings on the motion for rehearing pending the conclusion of the federal district court case. Therefore,
*735 "it is ordered that plaintiffs motions for termination of the stay of proceedings on defendant’s counterclaim and for appointment of a special master to receive evidence be and hereby are denied.
"it is further ordered that proceedings on the motion for rehearing be suspended pending the conclusion of the federal district court suit, but for not more than six months from the date of this order. Plaintiff is ordered to keep this court informed of the status of that case during the period of suspension.”

 Brown v. United States, 207 Ct. Cl. 768, 524 F.2d 693 (1975). The contracts are listed in footnote 15 of the court’s opinion.